SUCESORES DE ESMORIS & COMPANY, DEPARTA-
MENTO DE MADERAS, Complainants,

*v.*

RAFAEL CINTRON LASTRA, LUIS VILLARONGA,
JOSE COLL VIDAL, JOAQUIN A. BECERRIL, AND
PRUDENCIO RIVERA MARTINEZ, AS MEMBERS
OF THE WORKMEN'S RELIEF COMMISSION OF
PORTO RICO, AND JUAN G. GALLARDO, AS
TREASURER OF PORTO RICO, Dfts.

San Juan, Equity, No. 1245.

Opinion filed May 2, 1924.

*Messrs. Benet & Souffront* and *Mr. B. F. Sanchez* for complainants.

*Honorable H. P. Coats,* Attorney General of Porto Rico, and *Mr. J. A. Lopez Acosta,* Assistant Attorney General of Porto Rico, for defendants.

ODLIN, Judge, delivered the following opinion:

A motion to dismiss the present bill was filed in the office of the clerk of this court on April 11, 1924, and has been argued by counsel. Various grounds are set forth in said motion, which will be discussed briefly in their order.

The first ground upon which the motion to dismiss is based is because the complainants have an adequate, complete and sufficient remedy at law. This court has already held, that, inasmuch as payments of disputed taxes under protest are not set apart as a special, distinct fund by the treasurer of Porto Rico, thus requiring an act of the Porto Rican legislature in the form of a special appropriation to authorize the repayment of such taxes if they shall be held illegal at the termination of the litigation, a complaint has no adequate, complete, and sufficient remedy at law as conditions now exist in Porto Rico, and therefore is entitled to file a bill in equity.

The second ground of the motion to dismiss is because it does not appear from the face of the bill that the complainants have suffered or are about to suffer an irreparable injury. The 9th paragraph of the bill alleges distinctly that by reason of the refusal by the complainants to pay the taxes imposed against them the defendants have threatened and are threatening to

seize and sell the property of the complainants and that the latter fear and have reasonable ground to believe that such threats will be carried into effect unless enjoined by order of this court. Of course the motion to dismiss, taking the place of a demurrer, carries with it an admission that the allegations in the bill are true for the purposes of the motion. Therefore, it needs no argument to show that ¶ 9, if true, carries with it a sufficient showing, that, unless afforded relief by this court, the complainants are about to suffer irreparable injury.

The third ground set forth in the motion is that the face of the bill does not show that a multiplicity of suits would result from a denial of the remedy asked for in the said petition. It does not seem to be necessary to pass upon this point, and therefore I leave it undecided because an examination of the bill satisfies me that the conditions alleged to exist as set forth in the bill, if true, entitle the complainants to come into this court and ask for an injunction.

The fourth ground upon which said motion to dismiss is based is to the effect that the Workmen's Compensation Act, originally approved in February, 1918, amended in June, 1919, again amended in May, 1920, and once more amended in July, 1921, is valid and enforceable, and is not contrary to the Federal Constitution, and is not contrary to the Organic Act known as the Jones Bill, and that it does not operate to deprive the complainants of any remedy at law, and that it does not contravene any of the constitutional rights of the complainants. With respect to this ground, reference is had to the opinion of this court rendered June 30, 1922, reported in 12 Porto Rico Fed. Rep. 465, in the case of Porto Rican American Tobacco Co. v. Carmona, Workmen's Relief Commission and the then Treas-

urer of Porto Rico, being case No. 1121 Equity of this court. Inasmuch as the brief filed in the present case on behalf of the defendants refers to an opinion of this court rendered May 24, 1922, in the case of Comacho v. International Exp. & Foundry Co. being bankruptcy case No. 262, which opinion is reported in 12 Porto Rico Fed. Rep. 426, stress is laid upon the following language used by this court in this last-mentioned opinion: "The validity of the Workmen's Relief Commission having been upheld by the circuit court of appeals at Boston, there is nothing left for this court to do but to respect and follow that decision." It is proper to say that in the Comacho Case decided on May 24, 1922, argument of counsel presented to this court with great force and with success the two decisions of the circuit court of appeals at Boston, the first [Camunas v. New York & P. R. S. S. Co.] which was rendered in June, 1919, reported in 171 C. C. A. 76, 260 Fed. 40, and the later case [Camunas v. Porto Rico R.Light & P. Co.] decided in March, 1921, reported in 272 Fed. 924; but no mention whatever was made of the very important changes in the legislative act of Porto Rico covering this question of the Workmen's Relief Commission after the two cases had been brought, which were decided first by this court and later by the circuit court of appeals at Boston. Reference to the opinion of this court first above referred to as having been rendered on June 30, 1922, in the Porto Rican American Tobacco Case will explain the apparent conflict between that opinion and the opinion in the Comacho Case. It is proper to state here that counsel who presented the case of the Porto Rican American Tobacco Co. raised many points which it is not necessary to repeat here, but which never were present, by the counsel who prepared the cases which were decided by this court and then at Boston.

The fifth ground upon which is based the motion to dismiss is that this Court has no jurisdiction to hear and determine this action, because the amount involved is less than $3,000. It seems plain that the ruling of the Supreme Court of the United States in the case of Berryman v. Whitman College, reported in 222 U. S. 334, 56 L. ed. 225, 32 Sup. Ct. Rep. 147, must be controlling. It is there held specifically that future and undue instalments of taxes may be added in order to make up the jurisdictional amount. The present bill shows that the taxes now claimed are only $452.18, but it is also alleged that the defendants are threatening to continue this course of assessment during each and every succeeding year that the complainants shall continue in business, complainants employing, as they do now, the men necessary for the proper conduct of such business.

The sixth and last ground upon which is based the motion to dismiss is that this court has no jurisdiction to hear and determine this action, because there is no diversity of citizenship, all of the complainants and all of the defendants having their domicil in Porto Rico. Reference to the decision of the Supreme Court of the United States in the case of Greene v. Louisville & Interurban R. Co. reported in 244 U. S. 499, 61 L. ed. 128, 37 Sup. Ct. Rep. 673, Ann. Cas. 1917E, 88, discloses the fact that the Supreme Court has held that diversity of citizenship is not required in a suit of this nature where the matter in dispute is in excess of the jurisdictional amount. This holding will be found at the foot of page 502, forming a part of the opinion of Mr. Justice Pitney, speaking for the court. In other words, where the parties all are domiciled in Porto Rico and the amount involved is less than $3,000, the litigation must be had in the Insular court, but where the

amount involved is over $3,000, the complainant has his option of bringing his action in the Insular court or in the Federal court, regardless of the question of domicil.

For the reasons stated, the motion to dismiss must be denied, and the defendants are allowed until May 17, 1924, to answer the bill, giving a copy of such answer to the solicitors for the complainants.

To this order and opinion counsel for the defendants except.

Done and Ordered in open court at San Juan, Porto Rico, this 2d day of May, 1924.